# Noble *et al. versus* Warren *et al.*

*What Acts amount to an Eviction, as between Landlord and Tenant.*

In an action of covenant for a quarter's rent, due May 8th 1858, the defendants set up an alleged eviction, November 7th 1857, and a continued deforcement thereafter, the plaintiffs having at that time entered on the demised premises to distrain for rent in arrear, and having procured the arrest of one of the defendants for fraudulently removing the goods and interfering with the distress: *Held*, that these acts on the part of the plaintiffs did not amount to an eviction and deforcement, and that the court were right in refusing so to charge, especially when it appeared that judgment for the delivery of possession had been obtained before two magistrates, July 7th 1858, against the tenants then in possession, and refusing to yield up the premises.

ERROR to the District Court of the city and county of *Philadelphia.*

This was an action of covenant, brought by Elisha C. Warren and Parker H. Warren, doing business as E. C. & P. H. Warren, against William S. Noble and Alfred L. Hough, who survived Cyrus C. Davis, late partners under the firm name of C. C. Davis & Co. The declaration was on a lease executed May 8th 1856, by which plaintiffs let to defendants for the term of five years from date, a paper-mill, &c., in Maylandsville, Philadelphia, at an annual rent of $4000, payable in quarterly payments on the 8th days of August, November, February, and May, annually, in which the plaintiffs, after averring in the usual form a performance of all the covenants on their part, averred that the covenant of defendants had been broken in this, that the sum of $1000, being the rent from February to May 1858, was due and payable, but had not been paid.

To this the defendants pleaded that after the making of the lease, and before the said rent became due and payable, to wit, November 7th 1857, the plaintiffs, with force and arms, entered into and upon the demised premises, and then ejected, expelled, put out, and turned the defendants from the possession and enjoyment thereof, and so kept and continued them, &c.

The plaintiffs' replication traversed this alleged eviction, and on the issue thus made up, the parties went to trial.

On the trial the defendants called several witnesses, from whose testimony it appeared that an entry was made on the demised premises November 6th 1857, by an agent of plaintiffs, with their warrant authorizing a distress for rent in arrear. That on being informed that defendants were removing their personal property from the demised premises, information of the fact was made by one of the plaintiffs before Alderman J. G. Miller, by whom a warrant was issued and William S. Noble arrested, who, on hearing, was bound over to the next Court of Quarter Sessions, to answer the charge of forcibly removing property levied on for rent, with intent to cheat and defraud plaintiffs. After the distress was made, a watchman was left in possession, and the gate locked, when Noble entered by taking it off the hinges, and proceeded to remove part of the property which had been seized under the landlord's warrant. That on the 7th of July 1858, proceedings were had before two aldermen, under the Landlord and Tenant Act of 1830, in which the rent in arrear was ascertained to be $2411.63, and judgment was given against the defendants, that they forthwith deliver up possession of the premises to the plaintiffs.

The following point was submitted to the court by the defendants, who requested the court to instruct the jury :—

That, " If the plaintiffs, or their agent, entered upon the premises demised to the defendants, and took the possession of the defendants' property, found and being thereon, and caused the defendants to be arrested and removed therefrom, before the 8th day of November 1857, and the defendants never thereafter returned to, and again took the possession of the said demised premises; such conduct on the part of the plaintiffs, is such an interference with the defendants' right of quiet enjoyment as amounts to an eviction, and the defendants are entitled to a verdict."

The learned judge refused so to charge, and stated to the jury that there was no evidence of an eviction, and directed them to find a verdict for the plaintiff, which they accordingly did.

The defendants thereupon sued out this writ, and sought a reversal of the judgment here,

1. Because the learned judge erred in declining to affirm the point of the defendants below.

2. Because he directed the jury from the evidence to find a verdict for the plaintiffs below.

*Amos Briggs*, for plaintiffs in error.—The lessors guarantied to the defendants below quiet possession: Smith's Landlord and Tenant, Am. Notes 210; Maul *v.* Ashmead, 8 Harris 484. The entry of the lessors' bailiff, at a time when no rent was due, the locking of the gate, and the leaving of a watchman in possession, by whom the lessee was ordered off, was such a disturbance of their quiet enjoyment as amounted to an eviction: Lewis *v.* Payn, 4 Wend. 423; Cohen *v.* Dupont, 1 Sandford's Sup. Court Rep. 260; Peck *v.* Hill, 24 Barb. (N. Y.) Rep. 178; Smith *v.* Raleigh, 3 Camp. 513; Chubourn *v.* Rye, 1 Cro. Eliz. 341; Gouldsborough R. 125; Briggs *v.* Hall, 4 Leigh 484; Kessler *v.* McConachy, 1 Rawle 435, 442; Vaugn *v.* Blanchard, 4 Dall. 125; Garrett *v.* Cummings, 2 Phil. R. 207–8.

They cannot interfere with lessees' enjoyment, and claim rent also. Performance on the part of lessors is precedent to the right to demand the consideration: Shaw *v.* Turnpike Co., 2 P. R. 454; Levering *v.* Phillips, 7 Barr 387; 1 W. & S. 301; 8 Id. 369.

The Act of 1825, as construed in Grace *v.* Shively, only gave a landlord the right to follow and distrain goods when fraudulently conveyed away or carried off from demised premises; not to enter upon the demised premises and detain or prevent them from being removed, as was done here.

*George A. Coffey* and *William D. Kelley*, for defendants in error.—The rent for the quarter ending November 8th, was due within one or two days. The lessees had failed, and were then engaged in removing their personal property from the premises, to prevent a distress. The only entry made was to distrain for rent, which was done in due legal form.

The arrest of Noble was a purely criminal proceeding, while the finding of the two justices shows that the lessees were in possession up to July 7th 1858. The watchman was put there to prevent the removal of the goods; there is no evidence that lessors locked the gate, but if they did, the entry of Noble was not thereby prevented.

If the distress was legal, there was no eviction; and even if the Act of 1825 did not justify this distress, the lessors were only guilty of a trespass, which does not amount to an eviction: Hunt *v.* Cope, Cowper 242; Oglive *v.* Hall, 5 Hill 52; Bennett *v.* Bittle, 4 Rawle 339. The facts in this case are unlike those in any of the cases cited for plaintiff in error.

The opinion of the court was delivered, March 11th 1861, by

[Noble *et al. v.* Warren *et al.*]

STRONG, J.—This was an action of covenant for the rent of certain premises demised by the plaintiffs below to the defendants, for five years from the 8th day of May 1856, at an annual rent of $4000. The plaintiffs counted for the rent of the quarter ending May 8th 1858, and the defendants set up an alleged eviction on the 7th of November 1857, and a continued deforcement thereafter. After the evidence had been submitted, the defendants requested the court to instruct the jury that " if the plaintiffs or their agents entered upon the premises demised to the defendants, and took possession of the defendants' property found and being thereon, and caused the defendants to be arrested and removed therefrom before the 8th day of November 1857, and the defendants never thereafter returned to and took the possession of the said demised premises, such conduct on the part of the plaintiffs was such an interference with the defendants' right of quiet enjoyment as amounts to an eviction, and the defendants are entitled to a verdict." The learned judge of the District Court refused so to charge, and instructed the jury. to return a verdict for the plaintiffs. In all this we discover no error. The point proposed was not correct, whether it be considered abstractly or as applied to the facts of this case. The facts supposed may have all existed, and yet have amounted to no unlawful interference, much less an eviction. The plaintiffs may have entered lawfully before the 8th of November to distrain for rent previously due; they may have caused the defendants to be arrested and imprisoned for some crime or misdemeanour; the defendants may never· have returned to the property; yet all this would not be the first step towards proving an eviction. The point is equally faulty as applied to the evidence in this case. The entry was made and personal property was seized as a distress for apportioned rent, after an affidavit that the defendants were fraudulently removing their goods, and the defendants were arrested for interfering with the distress. To call that an eviction is an abuse of terms. In its worst aspect it was but a trespass. It was not designed to be, nor was it necessarily, an interference with the lawful enjoyment. of the demised premises by the lessees. Whether the entry was lawful or not, the arrest and consequent taking of the defendants to a magistrate clearly was no eviction; and an unlawful entry even against an express prohibition of the lessee, without an expulsion of the tenant has always been held to be no more than a trespass. Mr. Justice Kennedy, in Bennett *v.* Bittle, 4 Rawle. 339, has collected a large number of cases to that effect.

The right of the plaintiffs to recover is, however, set beyond dispute by the judgment for the delivery of possession by the tenants, obtained before the two magistrates on the 7th of July 1858. That judgment conclusively established that the defend-

[Noble *et al. v.* Warren *et al.*]

ants were in possession of the demised premises, and that they refused to surrender them. It was utterly inconsistent with the allegation that they had been evicted and had not resumed possession.

                    Judgment affirmed.